ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| JULIA FELIZ BARRERA<br><br>Parte Recurrente<br><br>v.<br><br>DEPARTAMENTO DE EDUCACIÓN<br><br>Parte Recurrida | TA2026RA00043 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Educación<br><br>Caso Núm.:<br><br>Sobre:<br>Carta Circular Núm. 006-2025-2026 |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de febrero de 2026.

Comparece ante *nos*, Julia Feliz Barrera (Feliz Barrera o recurrente), por derecho propio, y nos solicita que revisemos la legalidad de la Carta Circular Núm. 006-2025-2026 emitida por el Departamento de Educación de Puerto Rico (Departamento de Educación o recurrida).

Por los fundamentos que exponemos a continuación, se *desestima* el recurso de revisión judicial por falta de jurisdicción.

**I.**

Surge del expediente ante nuestra consideración que, el 8 de noviembre de 2025, la recurrente presentó una *Querella* ante la Defensoría de Personas con Impedimentos mediante la cual impugnó la legalidad de la Carta Circular Núm. 006-2025-2026 emitida por el Departamento de Educación. Luego de varios incidentes procesales, el 15 de enero de 2026, la parte recurrida presentó una *Moción de Desestimación*. Dicha solicitud se encuentra pendiente de adjudicación ante dicho foro. Sin embargo, el 26 de enero de 2026, Feliz Barrera compareció ante *nos* mediante un

*Recurso de Revisión Judicial e Impugnación Administrativa* mediante el cual acepta que no existe una adjudicación final formal del foro administrativo.

Así las cosas, el 3 de febrero de 2026, emitimos una *Resolución* mediante la cual le concedimos al Departamento de Educación un término de veinte (20) días para fijar su posición al recurso. Oportunamente, el 23 de febrero de 2026, la parte recurrida presentó una *Solicitud de Desestimación*. Mediante esta, adujo que procede la desestimación del recurso de revisión judicial pues no existe una determinación final de la Defensoría de Personas con Impedimentos. Asimismo, sostuvo que el término para resolver definitivamente la *Querella* aún no ha transcurrido.

Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

## II.

### A. Jurisdicción

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *Municipio de Aguada v. W Construction, LLC*, 2024 TSPR 69, 213 DPR \_\_\_\_ (2024). Véase, además, *RB Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685 (2024); *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). Así, para adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Cobra Acquisitions v. Mun. Yabucoa et al.*, *supra*, pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR*, *supra*; *Torres Alvarado v. Maderas Atiles*, 202 DPR 495 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción trae consigo

las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu propio*. *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023). Véase, además, *Fuentes Bonilla v. ELA et al.,* 200 DPR 364 (2018); *González v. Mayagüez Resort & Casino,* 176 DPR 848 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA,* 184 DPR 898 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado,* 172 DPR 216 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345 (2003); *Autoridad Sobre Hogares de P.R. v. Sagastivelza,* 71 DPR 436 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage v. Fossas Blanco et al., supra*; *González Santos v. Bourns P.R., Inc.,* 125 DPR 48 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra,* 182 DPR 675 (2011); *Vázquez v. A.R.P.E.,* 128 DPR 513 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254 (2018). Véase, además, *Moreno González v. Coop. Ahorro Añasco,* 177 DPR 854

(2010); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007). A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et als. v. R.F. Mortgage*, 182 DPR 86 (2011). Véase, además, *Moreno González v. Coop. Ahorro Añasco, supra*, pág. 859; *S.L.G. Szendrey-Ramos v. F. Castillo, supra.* Así pues, de un tribunal dictar sentencia sin jurisdicción, su decreto será jurídicamente inexistente o *ultra vires. Municipio de Aguada v. W Construction, LLC, supra* citando a *Maldonado v. Junta Planificación*, 171 DPR 46 (2007).

De conformidad con lo anterior, se entiende que un recurso prematuro es aquel presentado en la Secretaría de un tribunal apelativo antes de que éste tenga jurisdicción. *Hernández v. Marxuach Const. Co.*, 142 DPR 492 (1997). Consecuentemente, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. *Juliá et al. v. Epifanio Vidal, S.E.*, 153 DPR 357 (2001). Por tanto, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación, no ha habido autoridad judicial o administrativa para acogerlo.

Así pues, los tribunales no tenemos discreción para asumir jurisdicción donde no la hay. *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019); *Martínez v. Junta de Planificación*, 109 DPR 839 (1980). Así, reiteramos que la falta de jurisdicción no puede ser subsanada, ni podemos arrogarnos la jurisdicción que no tenemos. *Maldonado v. Junta de Planificación, supra.* Incluso, aunque la parte no lo planteen, estamos obligados a velar por nuestra jurisdicción. *Lagares v. E.L.A.*, 144 DPR 601 (1997). Por tanto, un recurso prematuro nos impide entrar en sus méritos puesto que, en tales circunstancias, carecemos de jurisdicción. *Juliá et al. v. Epifanio Vidal, S.E., supra.*

De conformidad con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. __, 215 DPR __ (2025)., la cual regula el desistimiento y la desestimación, nos da la facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción.

Así, también, es norma reiterada que el perfeccionamiento adecuado de los recursos ante este Tribunal debe observarse rigurosamente. *Hernández Maldonado v. Taco Maker,* 181 DPR 281 (2011); *García Ramis v. Serrallés,* 171 DPR 250 (2007).

### III.

Según surge del tracto procesal que antecede, el 8 de noviembre de 2025, Feliz Barrera presentó una *Querella* ante la Defensoría de Personas con Impedimentos en contra de la parte recurrida. El 15 de enero de 2026, la parte recurrida presentó una *Moción de Desestimación.* No obstante, estando ante la atención del foro administrativo la solicitud de desestimación, la parte recurrente presentó ante *nos* el recurso que nos ocupa. Por consiguiente, tomando en consideración que, a la fecha de la presentación del recurso de epígrafe, la Defensoría de Personas con Impedimentos no había hecho pronunciamiento alguno con relación a la solicitud de desestimación que presentó la parte recurrida ante su consideración, el recurso de revisión judicial ante *nos* es prematuro.

Así pues, reiteramos que un recurso prematuro es aquel presentado en la Secretaría de un tribunal apelativo antes de que éste tenga jurisdicción. *Hernández v. Marxuach Const. Co., supra.* Consecuentemente, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. *Juliá et al. v. Epifanio Vidal, S.E., supra.*

**IV.**

Por los fundamentos antes expuestos, se *desestima* el recurso de revisión judicial por falta de jurisdicción por prematuro.

Lo acordó y manda el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLIS
Secretaria del Tribunal de Apelaciones